CLAY HYDER TRUCKING LINES, INC., A CORPORATION, v.
GENERAL REALTY & INSURANCE CORPORATION, A CORPORATION.

(Filed 23 September, 1959.)

APPEAL by defendant from *Patton, J.,* at March 1959 Civil Term of HENDERSON.

Civil action by plaintiff Clyde Hyder Trucking Lines, Inc., to recover of defendant General Realty & Insurance Corporation $2,875.04 had and received on contract arising out of escrow deposits of money made for the purpose of guaranteeing payment of premiums on certain types of insurance.

Defendant set up counterclaim, and pleaded over indebtedness to it by plaintiff for unpaid premium.

The matter was referred to and heard by referee, and then before judge of Superior Court on exception filed by defendant.

The findings of fact made by the referee as modified by judge of Superior Court are (1) that defendant is indebted to plaintiff in the sum of $3,755.20 by reason of such escrow deposits; (2) that insurance premiums accumulated against the account in the sum of $880.16, leaving a net balance of $2,875.04 owing by defendant to plaintiff; (3) that same is due with interest at six per cent per annum from January 1, 1958; and (4) that defendant is not entitled to recover anything on its counterclaim against plaintiff.

And to judgment in accordance therewith defendant excepts and appeals to Supreme Court, and assigns error.

TRUCKING LINES *v.* INSURANCE CORP.

*Redden, Redden & Redden for plaintiff, appellee.*
*Whitmire & Whitmire, Coble & Behrends, Jr. for defendant, appellant.*

PER CURIAM.   (1) It is settled law in this State that the findings of fact by a referee, approved by the trial judge, are conclusive on appeal if supported by any competent evidence. And (2) the judge of the Superior Court in the exercise of revisory power may modify the report of the referee. These principles are too well settled in this State to require citation of authority.

Applying these principles to case in hand, it appears that the findings of fact made by the referee, modified and affirmed by the trial judge are supported by competent evidence, and, hence, are binding on appeal. In the judgment in accordance therewith there is no error, and it is

Affirmed.

HIGGINS, J., not sitting.